Hely, J.
The defendant’s motion to dismiss is allowed because the plaintiff has not shown a sufficient basis for longarm jurisdiction over the defendant in Massachusetts.
The defendant is a Florida corporation with all of its facilities in Florida. The defendant has no facilities in Massachusetts. It has never shipped any of its products to Massachusetts.
The plaintiff alleges that it had a contract with the defendant whereby the defendant arranged for shipments of coconut cream from the Philippines to the plaintiff or its contractor in Florida, Illinois and Oregon. The negotiation of the sales contract required numerous telephone calls between the plaintiff in Massachusetts and the defendant in Florida.
After the coconut cream was delivered to the plaintiff or its contractor in Florida, Illinois and Oregon, a dispute arose about whether the product conformed to the contract. In efforts to investigate and negotiate the dispute, the defendants representatives went from Florida to Massachusetts to meet with the plaintiffs representatives. The defendant sent invoices from Florida to the plaintiff in Massachusetts. The defendant also sent an e-mail to the plaintiff in Massachusetts about the dispute. The plaintiff has sent funds from Massachusetts to the defendant in Florida to pay for the coconut cream.
The plaintiff has not shown that the defendant contracted to supply services or things in Massachusetts. G.L.c. 223A, Sec. 3(b). The plaintiff has not shown that the defendant “regularly does or solicits business” in Massachusetts, “engages in any other persistent course of conduct” in Massachusetts, or “derives substantial revenue from goods used or consumed” in Massachusetts. G.L.c. 223A, Sec. 3(d).
The defendant has established a website that makes its advertising message available in all fifty states through the internet. The existence of this website and the defendant’s other limited contacts with Massachusetts are insufficient to show that this is a cause of action “arising from" the defendant’s transacting or soliciting business in this Commonwealth. G.L.c. 223A, Sec. 3(a) and (d). The plaintiff has presented no evidence that its contract with the Florida defendant arose from the advertising message on the defendant’s website or from any other activity of the defendant conducted in Massachusetts. Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 158-59 (1978); Fern v. Immergut, 55 Mass.App.Ct. 577, 580-84 (2002); compare Good Hope Industries, Inc., 378 Mass. 1, 3-4 (1979) (Texas defendant supplied services to the plaintiff in Massachusetts in the form of nine appraisal reports sent to the plaintiff in Massachusetts over the course of a year).
Apart from the Massachusetts statute, the defendant’s contacts with Massachusetts are insufficient to satisfy the minimum contacts standard for a constitutional assertion of longarm jurisdiction. The substantial connection between the defendant and the forum state necessaiy for a finding of minimum contacts must come about by an action of the defendant “purposefully directed toward the forum State.” Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 109 (1987). The “placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.” Id. There is an absence of evidence to show that the defendant in this case “purposefully established ‘minimum contacts’ ’’ in Massachusetts. Id.; Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); Rodriquez v. Fullerton Tires Corp., 115 F.3d 81, 85 (1st Cir. 1997).
ORDER
The action is dismissed for lack of personal jurisdiction over the defendant.